# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARY M. HIRTE,

    **Plaintiff,**

v.                                                                                                   Case No. 20-CV-1467

TONY MELI, *et al.*,

    **Defendants.**

## ORDER

Plaintiff Gary M. Hirte, who is incarcerated at Waupun Correctional Institution and is representing himself, filed three motions to compel discovery (ECF Nos. 14-16), a motion to extend the discovery deadline (ECF No 13), and a motion to appoint counsel (ECF No. 17). The defendants filed a motion to stay the discovery and other case deadlines and requested an order referring the case for mediation. (ECF No. 20.) This order addresses these motions, beginning with the defendants' motion.

The defendants, after reviewing Hirte's various motions to compel and discovery requests "believe that this case is a strong candidate for potential early resolution with a mediator" and seek referral for mediation. (ECF No. 20, ¶ 7.) The court grants that request and will also stay all case deadlines pending mediation. Should mediation prove unsuccessful, the court will issue an amended scheduling order. Because the court is staying the discovery deadlines, Hirte's motion to extend the deadlines is denied as moot.

Because the case will be mediated, the court will also grant Hirte's motion to recruit counsel, but the court limits the representation for mediation only. If mediation is unsuccessful, the representation will automatically terminate and Hirte may bring another motion to recruit counsel for the remainder of the case that the court will consider at that time. With his motion, Hirte submitted letters to various law firms, showing that he made a reasonable attempt to obtain counsel on his own, which is required before a court may recruit counsel. (ECF No. 17-1); *See Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). Once the court finds Hirte a lawyer, the court will refer the case to another magistrate judge for mediation.

As to Hirte's motions to compel, the court will deny them without prejudice. If the mediation is unsuccessful, the court will issue an amended scheduling order that, among other things, will set a deadline for the defendants to respond to Hirte's discovery. If the defendants fail to respond by that date, Hirte may renew his motions to compel after he's made a good faith attempt to resolve the issue with the defendants before coming to the court. *See* Fed. R. Civ. Pro. 37(a)(1).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion to refer the case to mediation and stay the case deadlines (ECF No. 20) is **GRANTED**. Once the court recruits counsel for Hirte, the Clerk of Court's office will refer the case to a magistrate judge and coordinate with the parties to set the time and date of the mediation.

**IT IS FURTHER ORDERED** that all case deadlines are **STAYED** pending mediation. If mediation is unsuccessful, the court will issue an amended scheduling order resetting the deadlines.

**IT IS FURTHER ORDERED** that Hirte's motion for extension of discovery (ECF No. 13) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Hirte's motions to compel (ECF Nos. 14-16) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Hirte's motion to recruit counsel (ECF No. 17) is **GRANTED** for the limited purpose of representing Hirte during mediation.

Dated at Milwaukee, Wisconsin this 25th day of May, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge